IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

MARK J. MCBURNEY, *et al.*,

Plaintiffs,

v.

HONORABLE WILLIAM C. MIMS,
*et al.*,

Defendants.

Action Number 3:09–CV–44

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants William C. Mims's and Nathaniel L. Young's 12(b)(6) Motion to Dismiss and Motion to Remove Attorney General as an Improper Party (Doc. No. 5), Plaintiffs's Cross Motion for a Preliminary Injunction and to Consolidate on the Merits (Doc. No. 8), Defendant Samuel A. Davis's Motion for Judgment on the Pleadings and Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 20), and Plaintiffs's Motions for Leave to File and for an Extension of Time (Doc. Nos. 17 and 29). For the reasons below, this Court:

1. GRANTS Plaintiffs's Motion for Leave to File a Sur-Reply (Doc. No. 17), as this Court has considered Plaintiffs's Sur-Reply in its determination;

2. GRANTS Plaintiffs's Motion for Extension of Time to File (Doc. No. 29)–document numbers 27 and 28 are now deemed timely filed;

3. GRANTS Defendants Mims's and Young's 12(b)(6) Motion to Dismiss and Motion to Remove Attorney General (Doc. No. 5);

4. GRANTS Defendant Davis's Motion to Dismiss Plaintiff Hurlbert (Doc. No. 20) for lack of standing, and DENIES Defendant's Motion for Judgment on the Pleadings as MOOT, as there are now no parties before this Court; and similarly,

    5. DENIES Plaintiffs's Motion for a Preliminary Injunction (Doc. No. 8) as MOOT, as there are no parties before this Court.

## I. Procedural and Factual Background

In 1968, the Commonwealth of Virginia passed the Freedom of Information Act ("FOIA" or "VFOIA"). Virginia's FOIA provides citizens of the Commonwealth with the right of access to all public records held by the Commonwealth, its officers, and employees.[1] Va. Code Ann. § 2.2-3700. This provision is similar to other state statutes around the country. However, Plaintiffs contend that the statute's citizenship provision violates the dormant Commerce Clause and Privileges and Immunities Clause of Article IV, Section 2, Clause 1 ("Privileges and Immunities Clause") of the U.S. Constitution.

On January 21, 2009, Plaintiffs Mark J. McBurney and Roger W. Hurlbert filed the entitled action seeking declaratory and injunctive relief, pursuant to 42 U.S.C. § 1983, from the enforcement of VFOIA. Plaintiffs have sued the Attorney General for the Commonwealth, currently William C. Mims,[2] who Plaintiffs contend is responsible for interpreting and executing FOIA; Nathaniel L. Young, Deputy Commissioner and Director of Virginia's Division of Child Support Enforcement, who denied McBurney's FOIA request; and Samuel A. Davis, Director of the Real Estate Assessor's Office in Henrico, Virginia, which denied Hurlbert's request.

---

[1] VFOIA additionally allows Virginia newspapers, magazines, and radio and television stations that broadcast in Virginia access to public records. Va. Code Ann. §§ 2.2-3704.

[2] At the time of Plaintiffs' filing, Attorney General Robert F. McDonnell was a named Defendant in this matter, being sued in his official capacity. The Honorable William C. Mims is now the Attorney General and therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted. See Fed. R. Civ. P. 25(d) (stating that when a party who holds office ceases to hold the office while the action is pending, the officer's successor is automatically substituted as a party).

On April 7, 2009, this Court granted Plaintiffs leave to amend their Complaint, which now adds an additional plaintiff, Bonnie E. Stewart. No corresponding defendant was added. Though each Plaintiff's factual scenario is different, the parties's claims coalesce to allege that VFOIA violates the U.S. Constitution.

<u>McBurney's Claims</u>

Plaintiff Mark McBurney is a citizen of Rhode Island. From 1987 to 2000, McBurney was a citizen of Virginia. In July 2006, McBurney filed an application for child support with Virginia's Division of Child Support Enforcement ("DCSE"). A dispute regarding DCSE's failure to file the proper petition on McBurney's behalf ensued, and as a result, McBurney alleges he was denied nearly nine months of child support payments. In an effort to obtain documents he believes will help him resolve this dispute, McBurney filed a FOIA request for all emails, notes, files, memos, reports, policies, and opinions held by DCSE pertaining to him, his son, and his former wife. Additionally, McBurney requested all other documents regarding his application for child support.

In a letter dated April 11, 2008, DCSE denied McBurney's FOIA request stating that he was not a citizen of the Commonwealth and therefore he was not eligible under FOIA, and that the documents he sought are considered "personal information" available under the Government Data Collection and Dissemination Practices Act ("Data Collection Act"). McBurney submitted a second request under FOIA with the same result. He later submitted a request under the Data Collection Act and obtained over eighty requested documents. However, Plaintiff McBurney contends the DCSE's denial of his FOIA request denied him the right to advocate effectively on his own behalf, prevented him from

3

invoking any of Virginia's dispute resolution procedures, and denied him the right to government redress, in violation of the Privileges and Immunities Clause.

### Hurlbert's Claims

Plaintiff Roger Hurlbert is a citizen of California. Hurlbert's occupation requires him to obtain real estate tax assessment records for his company, Sage Information Services. In connection with his business, Hurlbert submitted a FOIA request to the Real Estate Assessor's Office ("Assessor's Office") in Henrico, Virginia. The request was made by telephone on June 5, 2008; however, it was denied by an official from the Assessor's Office because he was not a citizen of the Commonwealth of Virginia. However, on February 17, 2009, eight months after Hurlbert's request, the County provided Plaintiff with an electronic copy of the County's entire 2008 real estate assessment database—the exact information he requested via FOIA. This information was returned to the County by Hurlbert's counsel unread and unviewed. Nevertheless, Defendant Hurlbert claims that DCSE's denial of his FOIA request makes it impossible for him to pursue his common calling because he is prohibited from obtaining public records on an equal basis with Virginia's citizens, which he alleges contravenes the Privileges and Immunities Clause. Further, Hurlbert argues FOIA violates the dormant Commerce Clause in that it gives Virginia's citizens exclusive right of access to Virginia's public records.

### Stewart's Claims

Plaintiff Bonnie E. Stewart is a citizen of West Virginia, and an Assistant Professor at West Virginia University in the Perley Isaac Reed School of Journalism. In conjunction with her activities as an educator, Stewart submitted a FOIA request to Virginia Commonwealth University in Richmond, Virginia, and Virginia Polytechnic Institute and

4

State University ("Virginia Tech"), in Blacksburg, Virginia. Stewart sought information about the salaries and other terms offered presidents of public universities in other states. This request was part of a larger class exercise Stewart conducts to teach students how to gather public information, correspond with government agencies, and write request letters. Stewart anticipates continuing to conduct this exercise in the future. Her requests were not processed because she is not a citizen of the Commonwealth, an alleged violation of the Privileges and Immunities Clause.

## II. Justiciability Issues

Defendants, in separate motions, challenge various issues as they relate to Plaintiffs's (1) right to bring this claim (2) against the enumerated parties (3) at this time. As a preliminary matter, this Court will address these issues.

### A. Attorney General William C. Mims as a Proper Party

Defendants submit that William C. Mims, Attorney General for the Commonwealth of Virginia, is not a proper party in this case because he has no enforcement authority with respect to FOIA, but rather his responsibilities include providing legal counsel and defending state officials. See Va. Code. Ann. § 2.2—507 (enumerating the Attorney General's role in civil matters). As such, Defendants contend that suit against the Attorney General is barred by the doctrine of sovereign immunity under the Eleventh Amendment. The Supreme Court case of Ex parte Young, 209 U.S. 123 (1908), and its progenies provide this Court with the standard by which the Attorney General's claims of immunity can be analyzed.

The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted

against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. Accordingly, a suit in federal court against state officers is barred by the Eleventh Amendment unless it falls within the exception recognized in Ex parte Young. 209 U.S. at 159–60. The Ex parte Young exception allows a suit in federal court to enjoin a state officer from enforcing an unconstitutional statute, as an unconstitutional statute is void and therefore cannot immunize state officials. (Id.) However, to avoid the Eleventh Amendment's bar, there must be a "special relation" between the state officer sued and the challenged statute. Waste Mgmt. Holdings v. Gilmore, 252 F.3d 316, 331 (4th Cir. 2001). General authority to enforce the challenged law is not sufficient to make a government official a proper party in the litigation; rather, the official must have a specific duty to enforce the offending law. (Id.) Therefore, this Court's determination of whether the Attorney General is a proper party must turn on whether he is responsible for "enforcing" Virginia's FOIA, a role Plaintiffs argue Mims holds.

Plaintiffs argue that the Attorney General has a "unique responsibility for the interpretation and execution of the laws of the State," and therefore, under Ex parte Young, he is a proper party. (Def.'s Rebuttal Br. to Pl.'s Opp'n to Mot. to Dismiss and Removal of Att'y Gen. 10.) Plaintiffs further contend that the Attorney General's official website states that the duties and powers of the Attorney General include "advising state agencies, government officials, and the public about the interpretation and enforcement of state laws generally and FOIA specifically." (Id.) In its determination, this Court takes judicial notice of the Virginia Attorney General's website and notes that the duties and powers of the Attorney General include, in pertinent part, "providing legal advice and representation to

6

the Governor and executive agencies, state boards and commissions, and institutions of higher education;" "defend[ing] the constitutionality of state laws when they are challenged in court;" and "enforc[ing] state laws that protect businesses and consumers." Role of the Office of the Attorney General, http://www.oag.state.va.us/OUR_OFFICE/Role.html. It does not state, as Plaintiffs contend, that the Attorney General is in charge of enforcing FOIA; rather, FOIA itself provides a right of enforcement to any individual denied its privileges. See Va. Code Ann. § 2.2-3713 (stating any person "denied the rights and privileges conferred by [FOIA] may proceed to enforce such rights and privileges by filing a petition for mandamus or injunction, supported by an affidavit showing good cause). Therefore, it is clear that the Attorney General is not charged with enforcing the provisions of FOIA, and as such he is not a proper party to this lawsuit.

Despite this clear reading of the Attorney General's duties and the requirements of Ex parte Young, Plaintiffs contend that without the Attorney General named as a party, Mims could choose whether or not to interpret FOIA consistent with this Court's orders. Plaintiffs further argue that because the Attorney General's interpretation is often relied on, this could be detrimental to the relief Plaintiffs seek. This contention is unavailing; rather, the Court notes that the Attorney General, indeed all practicing attorneys, is bound to act consistent with the orders of a court, and for this Court to allow the Attorney General to remain as a party merely to force him to interpret (as opposed to enforce) a statute consistent with the orders of this Court, would completely contravene the Eleventh Amendment and the Supreme Court's dictations in Ex parte Young, something this Court will not do. Accordingly, Defendants's Motion to Remove the Attorney General is GRANTED. Further, as Plaintiff Bonnie E. Stewart's claims were made solely as to the

Attorney General,[3] who Plaintiffs contend was the overall enforcer of FOIA, her claims must also be DISMISSED.

### B. Defendants's Challenge to McBurney's and Hurlbert's Standing

The Constitution limits federal court jurisdiction to "cases" and "controversies." U.S. Const. art III, § 2. The concept of standing is an essential and common component necessary to have a justiciable "case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102 (1998). In order to have standing, three elements must be present: injury, causation, and redressability. Marshall v. Meadows, 105 F.3d 904, 906 (4th Cir. 1997). Specifically, the plaintiff "must have suffered an injury in fact, an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical[;] there must be a causal connection between the injury and the conduct complained of . . . [; and] it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision" of the Court. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560—61 (1992) (citations and internal quotation marks omitted). These requirements help to prevent federal courts from issuing opinions on abstract or hypothetical questions, or from giving advisory opinions. See FEC v. Akins, 524 U.S. 11, 19 (1998) (noting that federal courts should decide concrete, living contests between

---

[3] Stating that Stewart's claims are made as to the Attorney General is a generous reading of Plaintiffs's Amended Complaint. In fact, Stewart's claims only make reference to her FOIA requests being denied by Virginia Tech and Virginia Commonwealth University—parties who have not been added to this case. No where in the Amended Complaint does she specifically allege that acts by any named Defendants resulted in her FOIA request being denied. However, as Plaintiffs broadly allege that the Attorney General has enforcement authority over FOIA, this Court has interpreted her claim as to the Attorney General. Nevertheless, because the Attorney General is dismissed from this case as an improper party, Stewart and her claims must also be DISMISSED.

adversaries rather than abstract problems). In the present matter, Defendants challenge the standing of both Mark J. McBurney and Roger W. Hurlbert.

### 1. McBurney's Standing

Defendants challenge Plaintiff McBurney's standing to bring this Complaint on two grounds: (1) Defendants contend that McBurney lacks standing because he has suffered no injury as the records he requested are not "public records" available under a FOIA request, and (2) McBurney has failed to show how his alleged injury would be redressed by a favorable decision of the court. (Def.'s Rebuttal Br. to Pl.'s Opp'n to Mot. to Dismiss and Removal of Att'y Gen. 2—5.) In turn, Plaintiffs argue the deprivation of a right of information constitutes injury-in-fact sufficient to confer standing, and that it is irrelevant that McBurney's requested records are not subject to disclosure under Virginia's FOIA, as the denial of his request was never made on the merits. (Pl.'s Mem. in Support of Cross Motion for Prelim. Inj. and Opp'n to Removal of Att'y Gen. 9—10.) Though both parties argue numerous contentions, the determinative element on these facts is whether a ruling from this Court would provide McBurney with redress for his alleged injuries or merely stand as an advisory opinion. As the challenged law does not govern McBurney's request for private, confidential documents, this Court must rule that McBurney lacks standing to challenge the constitutionality of Virginia's FOIA.

The Court begins the analysis of McBurney's standing by reviewing his stated claims. McBurney claims that Virginia's Attorney General's enforcement of FOIA and the Deputy Commissioner and Director of DCSE's decision to deny him information under FOIA solely because he was not a citizen of the Commonwealth violated the Privileges and Immunities and dormant Commerce Clauses of the U.S. Constitution. Accordingly,

McBurney challenges the constitutionality of the citizenship provision of FOIA. However, McBurney's FOIA request was denied, at least in part, based on the fact that the documents he requested—information related to his child support application—are private documents, and FOIA only covers public documents. See Va. Code Ann. § 2.2—3704(A) (providing that under Virginia's FOIA citizens of the Commonwealth have access to all public records for inspection and copying); Va. Code Ann. §§ 2.2—3705.5(14) (noting a discretionary exemption in FOIA for the release of records, information, and statistical registries deemed to be confidential); Va. Code Ann. § 63.2—102, —104 (making the discretionary exemption under § 2.2—3705 mandatory and further designating records and information related to public assistance programs, child support enforcement, and social services as confidential). Therefore, even as a citizen of the Commonwealth, McBurney would not have a right to the requested documents under FOIA. This fact was conveyed to McBurney when his request was denied, as well as the fact that FOIA is only applicable to citizens of the Commonwealth. (See Pl.'s Am. Compl., Attach. 1 (denial letter of McBurney's FOIA request from DCSE stating he may be entitled to "personal information" under an alternate Act, and that FOIA only applies to citizens of the Commonwealth).) McBurney was further provided with the statute that governs his request, the Data Collection Act, and under this Act he obtained more than eighty documents related to his child support case. (Def.'s Rebuttal Br. to Pl.'s Opp'n to Mot. to Dismiss and Removal of Att'y Gen. 4—8.)

Though acknowledging that FOIA does not apply to private documents, Plaintiffs persist in stating that McBurney's FOIA requests were denied *solely* because he is not a citizen of the Commonwealth, and further argues that this Court need not "apply" the state

law to determine that FOIA does not govern his request, in order to find standing.[4] (Pl.'s Mem. in Support of Cross Motion for Prelim. Inj. and Opp'n to Removal of Att'y Gen. 9—10.) Rather, Plaintiffs argue that McBurney's standing is apparent merely because his FOIA requests were denied, at least in part, because of his state citizenship. While Plaintiffs would have this Court decide a philosophical question similar to "which came first the chicken or the egg" in determining whether his claim was *first* denied because of

---

[4] Plaintiffs argue that an inquiry into whether a decision of this Court will provide redress, an essential element of the standing doctrine, amounts to the Court applying a new analysis to constitutional challenges of state laws whereby the Court applies the state law first, and then determines whether it is constitutional. (Pl.'s Mem. in Support of Cross Motion for Prelim. Inj. and Opp'n to Removal of Att'y Gen. 25—26.) Plaintiffs contend this *new analysis* would amount to the Court resolving a state law issue that is not before the Court (application of the law), rather than the constitutional issues that are before the Court. (Id. (arguing that whether the records McBurney seeks can "be disclosed is solely a matter of state law that is not before this Court. Rather, this action was brought to challenge Virginia's *per se* exclusion of non-citizens from using its FOIA at all. That Mr. McBurney may ultimately lose on the merits of his claim, should he bring one in state court, has nothing to do with his standing to bring this suit.").) Plaintiffs are in error.

The fact that a decision from this Court regarding the constitutionality of FOIA's citizenship provision would have absolutely no impact on whether McBurney can obtain the documents requested has everything to do with standing and this Court's refusal to issue advisory opinions. Further, the numerous cases Plaintiffs cite, including the U.S. Supreme Court case of Supreme Court of Virginia v. Friedman, to support their argument that this Court need not "apply" the state law in order to resolve the constitutional challenges are inapposite. 487 U.S. 59 (1988).

In Friedman, the Supreme Court struck down Virginia's law requiring residency in the Commonwealth to become a member of the bar on motion. (Id. at 69.) In doing so, Plaintiffs argue that the Supreme Court ruled that the law violated the Privileges and Immunities Clause of the U.S. Constitution without actually applying the law and determining that Friedman was entitled to be admitted to the Bar. (Pl.'s Mem. in Support of Cross Motion for Prelim. Inj. and Opp'n to Removal of Att'y Gen. 25—26.) Similarly, Plaintiffs argue that this Court need not apply Virginia's FOIA to determine that McBurney is not entitled to the documents he requested in order to resolve the constitutional challenges. (Id.) However, Plaintiffs incorrectly compares the two cases. The Friedman case does not implicate standing issues because the challenged law governs Friedman's claim—an attorney's admission to the Virginia Bar on Motion; in contrast, FOIA does not govern McBurney's request for private documents and therefore attempting to invalidate an inapplicable statute triggers standing considerations.

his citizenship and *later* because the law does not apply to his request, this Court declines to base its decision on such an impossible question. Instead, the Court looks to clear case law that requires the plaintiff to provide sufficient evidence to support the conclusion that the injuries asserted will likely be redressed by a favorable decision of the Court on the merits. Lujan, 504 U.S. at 561. Here, even a decision favorable to McBurney regarding the constitutionality of the citizenship provision of Virginia's FOIA would not provide him with "access to information pertaining to his child support application with DSCE," and further would not make it possible for him to "advocate effectively on his own behalf . . . invoke any of Virginia's dispute resolution procedures . . . [or] resolve the issues surrounding his child support application," all injuries he alleges results from this deprivation. (Am. Compl. ¶ 35). As such, a decision from this Court on McBurney's claims will not provide redress but would merely stand as advisory, a futile act this Court is loathed to do. Accordingly, McBurney and his claims must be dismissed for lack of standing.

Because this Court has found McBurney lacks standing to bring the enumerated claims, and as his claims are the only ones made against Nathaniel L. Young, Deputy Commissioner and Director of DCSE, Mr. Young is also DISMISSED as a party.

### 2. **Hurlbert's Standing**

Defendant Samuel Davis challenges Hurlbert's standing to bring the entitled claims, and further alleges that Hurlbert's claims for injunctive relief and declaratory judgment are moot since his FOIA request has been fulfilled and the Complaint is void of any allegation of future injury. Though standing and mootness are separate doctrines, Defendant's contentions regarding these justiciability issues are intertwined.

As noted above, in order to survive a challenge to standing, Plaintiff must show a concrete, particularized threat of injury that is more than hypothetical or speculative, that is traceable to the defendant's challenged actions, and that can be redressed by a favorable decision of this Court. Lujan, 504 U.S. at 561. Here, Defendant correctly asserts that Plaintiff has not adequately pled an ongoing injury, but bases his claims solely on not receiving the documents he requested in a June 5, 2008 FOIA request. (Id. ¶¶ 4, 8, 15—16, 36, 39—41.) While Hurlbert's counsel in responsive briefs and out-of-court documents alludes to Hurlbert making future FOIA requests, no such specific allegation is made in the Complaint. (Compare Am. Compl., with Def.'s Mem. in Support of Def. Davis's Rule 12(c) and 12(h)(3) Mots. to Dismiss, Ex. B. (noting, through counsel, that Hurlbert is concerned with both how his original FOIA request was denied, and how any subsequent requests will be treated).) However to remedy the injury sustained by denial of this June 5, 2008 request, Plaintiff seeks declaratory and injunctive relief, forms of relief that are inconsistent with the alleged injury.

If Plaintiff had alleged a continuing violation or the imminence of a future violation, the injunctive relief requested would remedy that alleged harm. Steel Co. v. Citizens for a Better Env't, 523 U.S. 108—09 (1998). But no such allegation is made in either Plaintiff's original or amended Complaint, and therefore the Complaint fails to confer Hurlbert with standing as an injunction, which provides relief from a future harm, cannot redress Plaintiff's claim of a singular, past wrong. Similarly, Plaintiff has requested declaratory judgment holding that FOIA's citizenship provision is unconstitutional, but as Plaintiff has not alleged a future injury, particularized harm, or even requested monetary damages, a decision of this Court on the constitutionality of this provision would merely stand as

13

advisory. As such, Defendant's Motion to Dismiss Plaintiff Hurlbert is GRANTED, as Hurlbert does not have standing to bring this Claim.

Though not necessary to resolve the issues before the Court, it seems instructive to note that it is unlikely that Hurlbert would have succeeded on the merits. First, the Court notes the expansive leap Hurlbert makes in stating that a denial of public records via FOIA prevents him from pursuing his common calling. While interference with one's common calling is a fundamental freedom protected by the Privileges and Immunities Clause of Article IV, not all legislation that inconveniences a business owner can be said to have interfered with one's common calling. See O'Reilly v. Bd. of Appeals, 942 F.2d 281, 284 (4th Cir. 1991) (stating that "it is well established that the pursuit of a common calling is one of the most fundamental of those privileges protected by the" Privileges and Immunities Clause). Rather, a law interferes with a person's pursuit of their common calling when it attempts to regulate a trade or profession, in the context of the Privileges and Immunities Clause, with the aim of improving the competitive advantage of a state's citizens over non-citizens. See, e.g. Supreme Court of New Hampshire v. Piper, 470 U.S. 274, 284 (1985) (stating a law that refuses to license out-of-state attorneys as legislation interfering with one's common calling); Toomer v. Witsell, 334 U.S. 385 (1948) (stating charging out-of-state fishermen unjustifiably higher license fees interferes with this calling); O'Reilly, 942 F.2d 281 (4th Cir. 1991) (stating the same where a law issued taxicab licenses based on state residency). In contrast to these cases, providing public records, which could ultimately be used in any manner, including for a business purpose, is not sufficient to determine that Virginia's law interferes with Hurlbert's pursuit of his common calling.

Similarly, Hurlbert will likely not succeed on his dormant Commerce Clause claim. The dormant Commerce Clause seeks to prevent states from enacting laws that create barriers to interstate commerce that benefit in-state economic activities at the expense of out-of-state interests. Dep't of Revenue of Ky. v. Davis, 128 S.Ct. 1801, 1808 (2008). The analysis for determining whether a state law violates the dormant Commerce Clause proceeds on two veins. First, inquiry must be made into whether the state law discriminates against interstate commerce. Brown v. Hovatter, 2009 U.S. App. LEXIS 6411 * 13–14 (4th Cir. Mar. 27, 2009). Unless the discrimination is justified by factors unrelated to economic protectionism, a discriminatory law is virtually *per se* invalid. Id. If, however, there is no discrimination, a court must determine whether the challenged law unjustifiably burdens the interstate flow of articles of commerce. Id. Even if a law does not discriminate against out-of-state economic interests, it may implicate the dormant Commerce Clause if its negative impact on interstate commerce exceeds the local benefit gained by the statute. Dep't of Revenue of Ky., 128 S.Ct. at 1808. Under this broad constitutional scheme, Hurlbert's dormant Commerce Clause must fail as the challenged law does not discriminate against interstate commerce, and further its impact, if any, on interstate commerce does not exceed the local benefits gained. Nevertheless, as Hurlbert lacks standing to bring this matter, Defendant Davis's Motion to Dismiss is GRANTED.

### III. Conclusion

Defendants bring this matter before the Court to challenge the sufficiency of Plaintiffs's Complaint alleging that Virginia's Freedom of Information Act violates the Privileges and Immunities Clause of Article IV, Section 2, Clause 1, and the dormant Commerce Clause of the United States Constitution. As Defendants have shown that

Plaintiffs McBurney and Hurlbert lack standing to bring claims against Defendants Young and Davis, and Attorney General Mims is an improper party, there remains no parties before this Court and accordingly this case is DISMISSED.

It is SO ORDERED.

/s/
James R. Spencer
Chief United States District Judge

Entered this 29th day of April 2009